JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOULA KONSTANTARAKIS,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSAL CITY STUDIOS LLC,<br><br>    Defendant. | Case No. 2:26-cv-03433-SB-PD<br><br><br>ORDER OF DISMISSAL AND ORDER RE SANCTIONS |

The parties filed a notice of settlement on May 15, 2026.  This action is therefore dismissed in its entirety without prejudice, and the May 22 mandatory scheduling conference is vacated.  For 30 days from the date of this order, the Court retains jurisdiction to vacate this order and to reopen the action nunc pro tunc on motion of any party.  By operation of this order and without further court action, the dismissal in this case will convert to a dismissal with prejudice on the 31st day, absent a timely motion to vacate and reopen.  If the case is reopened, the parties should be prepared for an expedited trial schedule.

The Court expects the parties to finalize their settlement or else move to reopen the case for prosecution within the next 30 days as ordered above.  *Should the parties file any document that contains a request to extend the deadline for purposes of completing the settlement, counsel for both parties shall submit **at least seven days before the deadline** a declaration with a detailed timeline of all the efforts made to complete the settlement, and the parties shall be prepared to appear in court with a client representative to explain why the settlement could not be completed in the time allowed.*

The dismissal of this case does not deprive the Court of jurisdiction over the outstanding order to show cause (OSC) re sanctions.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–36 (1990) (sanctions are collateral issue over which district court retains jurisdiction even after voluntary dismissal).  As to Defendant, the OSC is discharged, and Defendant need not appear at the OSC

1

hearing on May 22.  Defendant is cautioned to pay closer attention to the Court's orders in the future.  As to Plaintiff and her counsel, the Court has greater concerns in light of Plaintiff's multiple violations, the circumstances described in the Court's May 8 order, and the fact that counsel have been monetarily sanctioned more than a dozen times and continue to neglect their obligations.  Although the violations in this case were not numerous, they were clear violations of the Court's orders, and the Court is tentatively inclined to sanction counsel in the amount of $250 each and admonish them as a sanction.  To allow counsel a full opportunity to be heard, the OSC hearing remains set for May 22.  However, if counsel prefer, they may notify the Court no later than May 19 that they wish to submit to the Court's tentative sanction, and the Court will vacate the hearing.

Date: May 18, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge

2